NOTE: Pursuant to Fed. Cir. R. 47.6, this disposition
is not citable as precedent. It is a public record.

# United States Court of Appeals for the Federal Circuit

06-3086

ANITA R. RELORCASA,

Petitioner,

v.

OFFICE OF PERSONNEL MANAGEMENT,

Respondent.

_____

DECIDED: June 8, 2006

_____

Before MICHEL, Chief Judge, PLAGER, Senior Circuit Judge, and BRYSON, Circuit Judge.

PER CURIAM.

## DECISION

Anita R. Relorcasa petitions this court for review of a decision of the Merit Systems Protection Board, Docket No. SF-0831-05-0379-1-1, dismissing her appeal for lack of jurisdiction. Because we agree that the Board has no jurisdiction to review initial decisions of the Office of Personnel Management ("OPM"), we affirm.

## BACKGROUND

Ms. Relorcasa worked as a civilian employee for the Department of the Navy in the Philippines from September 1950 until her retirement in May 1982. She applied for

deferred annuity benefits under the Civil Service Retirement System ("CSRS"), but was informed by OPM, in a letter dated December 17, 2004, that she had "never served in a position subject to the Civil Service Retirement Act" and therefore was not entitled to a civil service annuity. OPM's letter also explained that it was an "initial decision" and that if she believed the decision to disallow her claim was not in accordance with law and regulation, she could request reconsideration of the decision by following procedures described in the package that was sent to her.

Instead of seeking reconsideration and obtaining a final OPM decision, Ms. Relorcasa filed an appeal with the Merit Systems Protection Board from OPM's initial decision. The administrative judge assigned to the case ordered Ms. Relorcasa to show that OPM had issued a final decision that would give the Board jurisdiction over her appeal. Ms. Relorcasa responded to the administrative judge's order, but did not directly address the question whether she had received a final decision on her claim. OPM argued that, because it had issued only an initial decision and not a final reconsideration decision, the Board lacked jurisdiction over the appeal. The administrative judge concluded that there was "no evidence that OPM has issued a final decision on [Ms. Relorcasa's] request for a retirement annuity." Noting that OPM regulations require that an "individual may . . . appeal to the Board only from a final decision by OPM," the administrative judge dismissed Ms. Relorcasa's appeal for lack of jurisdiction. The full Board denied Ms. Relorcasa's subsequent petition for review, but noted that OPM had "represented below that it would issue a final reconsideration decision upon dismissal of this appeal" and that Ms. Relorcasa may file a new appeal with the Board "[i]f that final reconsideration is unfavorable."

DISCUSSION

On appeal, Ms. Relorcasa argues that she was not required to seek reconsideration by OPM because, under the terms of the initial decision, she was required to request reconsideration only if she "believe[d] that the decision to disallow [her] claim was not in accordance with law and regulation." She asserts that she "did not deemed [sic] the initial decision as <u>not</u> in accordance with law and regulation" and thus "did not initiate reconsideration." Yet in her appeal to the Board, Ms. Relorcasa made it clear that she was challenging OPM's conclusion, based on the pertinent statutes and regulations, that she was not eligible for a deferred annuity.

In any event, OPM's regulations are clear that appeals to the Board are available only to individuals who are "affected by a final decision" of OPM. 5 C.F.R. § 831.110; <u>see</u> <u>Prewitt v. Merit Sys. Prot. Bd.</u>, 133 F.3d 885, 886 (Fed. Cir. 1998) ("The Board's jurisdiction is not plenary; rather, it is limited to actions designated as appealable to the Board 'under any law, rule, or regulation.'"). OPM's December 17, 2004, letter to Ms. Relorcasa expressly stated that it "constitutes the initial decision of the Office of Personnel Management" and that a request for reconsideration could be made "by following the procedures in the enclosure." Ms. Relorcasa has acknowledged in her submissions to this court that she "did not initiate reconsideration." The Board therefore lacked jurisdiction over her claim and properly dismissed her appeal on that ground.

Ms. Relorcasa alleges, apparently for the first time, that she did not receive the enclosures referred to in OPM's initial decision. There is, however, no evidence in the record to support that allegation. Documents provided by OPM indicate that two pages, entitled "Information and Instructions on Your Reconsideration Rights," were included

with the December 17, 2004, letter from OPM. Additionally, that letter is marked "Enclosure" near the bottom left hand corner of the page. Moreover, in her letter of appeal to the Board, Ms. Relorcasa did not argue that OPM failed to include enclosures; rather, she stated that she was appealing OPM's decision "to the MSPB, instead of pursuing a reconsideration from OPM." Ms. Relorcasa's contention is therefore unpersuasive.

We also find that the Board was correct to dismiss the case, rather than remand Ms. Relorcasa's appeal to OPM for reconsideration. When the Board lacks jurisdiction over a matter, it also lacks the authority to refer the matter to another forum. <u>Brady v. Dep't of Treasury</u>, 94 M.S.P.R. 439, 442 (2003). We point out, however, that the Board advised Ms. Relorcasa that OPM would be willing to issue a final reconsideration decision upon dismissal of the appeal and that such a decision could be appealed to the Board. Thus, an avenue remains open for Ms. Relorcasa to obtain review of OPM's decision. In this proceeding, however, the Board properly dismissed the appeal for lack of jurisdiction.